Commonwealth *v*. Adams, Appellant.

Argued September 8, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before EHRGOOD, P. J.

*I. Emanuel Meyers,* with him *Solomon Hurwitz, Benjamin L. Levi,* and *Hurwitz, Klein, Meyers & Benjamin,* for appellant.

*James R. Whitman,* District Attorney, for appellee.

OPINION BY HIRT, J., November 14, 1958:

Defendant, a painter and paper hanger, was convicted of arson and was sentenced. He has appealed from the refusal of his motions for a new trial and in arrest of judgment.

In midmorning of Sunday, April 8, 1956 the Rescue Fire Company of Annville responded to a call to a fire in the defendant's dwelling house in North Annville Township, Lebanon County. Richard Funck, an Assistant Fire Chief of the company, followed three other

firemen into the basement of the house after it was sufficiently cleared of smoke. He observed two separate and distinct fires in the basement, one along the east wall and the other at the south wall; the fires were eight feet apart and there was no connection between them. Wooden racks on which defendant's stock of wallpaper was stored, lined both the south and east walls. Parts of the racks and rolls of wallpaper in the racks along both walls had been burned. The fire along the south wall had burned through the floor above, into a bathroom. The other fire at the south wall scorched the ceiling but was confined to the basement. The testimony of other firemen who appeared as witnesses was to the same effect. Funck testified further that on entering the basement he had knocked over a kettle, and as its liquid contents spread over the floor "flames shot in back of the three men that were with me . . . like you throw gasoline on top of water, or kerosene . . . it just flashed like that, and spread around . . ." Michael A. Wisniewski, a Deputy Fire Marshall of the Pennsylvania State Police examined the premises in the morning of April 9th and again on the following day. His testimony as to the condition of the premises is identical with that of the other witnesses. In addition he found a pair of men's trousers in the basement, and the burned off cuff of another pair, together with a remnant of a cardboard box and a coffee can with a saturated rag in it. Wisniewski testified further that on April 19th eleven days after the fire, the defendant in an oral statement voluntarily confessed that he started the fire. Defendant later on the same day also signed a written confession, and he also signed a rough sketch made by him, indicating where he had placed the coffee can, the cardboard box and the saturated rags. Other witnesses were present when the defendant made both confessions and they all testified that

the confessions were not induced by either promises or threats. The defendant took the stand in his own defense. He testified that he had spent the evening of the day of the fire cleaning his paint brushes with kerosene in the basement of the house and that the old pair of trousers and the rags which he had used in wiping the brushes, had become wet with kerosene in the process. He recanted both his oral and his written confessions, but he conceded that the signatures on his written confession and on the sketch of the basement, were his. He testified that he had admitted starting the fire because of the pressure of threats by the police, involving his daughter. The jury did not believe him, and on sufficient evidence on the part of the Commonwealth found him guilty of arson.

A jury was impanelled and the trial began on December 10, 1956. When court convened on the morning of December 14, juror number 12 failed to appear because of illness. Thereupon defendant's trial counsel stipulated with the district attorney in open court, although at side-bar, that the trial proceed with eleven jurors. This jury at the conclusion of the trial, on the same day, returned its verdict of guilty. There is no merit in defendant's contention, in seeking a new trial, that his counsel did not have authority to waive his constitutional right to trial by a jury of twelve. Defendant although present in court, did not participate in the side bar conference but he must have observed the vacant chair in the jury box and he did not at any time, during the last day of the trial, object to proceeding with his defense before a jury of eleven. The applicable law on the subject is settled beyond question. A constitutional right of a defendant on trial for crime other than murder may be waived on his behalf by his counsel. There is a presumption that counsel at the trial in this case acted on authority from the defend-

ant and that presumption is strengthened by the fact of defendant's presence in court when the right was waived, and especially by his acquiescence during the remainder of the trial in proceeding with eleven jurors. These principles were authoritatively laid down in *Com. ex rel. Paylor v. Cavell*, 185 Pa. Superior Ct. 176, 138 A. 2d 246. In that case the defendant's counsel had waived the right on behalf of the accused to the presence of the general public at his trial. The right "to a speedy public trial" is assured to every accused in a criminal prosecution under Article I of the Pennsylvania Constitution. In the opinion in that case, President Judge RHODES, after stating that such waiver is not essentially different from waiver of a jury trial, said with reference to the act of counsel on behalf of the defendant: "Counsel, whether court-appointed or employed by relator, was in charge of relator's defense and had authority to act in relator's behalf in all matters connected with the trial". Cf. *Commonwealth v. Beard*, 48 Pa. Superior Ct. 319; *Commonwealth ex rel. Ross v. Egan*, 281 Pa. 251, 126 A. 488.

In response to a hypothetical question the fire marshall, Wisniewski, when called as a witness, was permitted to give his opinion, as an expert, as to the incendiary origin of the fire. The hypothetical question put to Wisniewski accurately assumed in detail a state of facts clearly established by the testimony including the evidence of two unconnected fires. The question specifically referred to presence of the trousers saturated with kerosene "to the extent testified by Sergeant Strickler" and the inflammable substance "in like objects as presented in this case" and received in evidence as Commonwealth exhibits 12, 13 and 14. Strickler a chemist for the State Police had testified in the presence of Wisniewski that he had extracted

1 2/3 ounces of kerosense from exhibit 12, the trousers found at the scene of the fire; also 1/6 of a fluid ounce from the burned trouser cuff (exhibit 13), and ½ ounce of kerosene from exhibit 14, the saturated rag. There is no merit in the defendant's contention that Wisniewski's testimony, in expressing an opinion as to the origin of the fire was improperly received over the defendant's objection, because of the form of the hypothetical question. The detailed statement of facts in the hypothetical question coupled by reference to the testimony of the witness Strickler, given in court in the presence of Wisniewski, constituted assumed facts which sufficiently furnished the basis for the expression of an opinion by Wisniewski. The applicable time-honored rule is thus stated in *Bowles v. Pittsburgh*, 343 Pa. 39, 46, 20 A. 2d 783: ". . . the court may, within limits and in the exercise of a sound discretion, permit an expert witness to express an opinion upon a defined portion of the testimony given in behalf of one of the parties and made known to him either by his reading or *hearing it*, which is not contradictory in itself and the truth of which he expressly assumes for the purpose of his opinion, and need not require that the facts be incorporated in one hypothetical question, . . . as was pointed out in our leading case on the subject, Yardley v. Cuthbertson, 108 Pa. 395, 450-51." (Emphasis added). The same rule was restated and applied in *Kelly v. Martino*, 375 Pa. 244, 99 A. 2d 901.

Moreover the witness Wisniewski, as a fire marshall of the State Police with three years experience investigating fires, was qualified to give his opinion as an expert as to incendiary origin of the fire. And his opinion testimony on that subject was properly received in this case. The fact of the incendiary origin of a fire may be proved by circumstantial evidence; and in general expert opinion as to causal relationship,

where that is the issue in cases other than arson, is always admissible where the facts depend upon circumstantial evidence. *Foley v. The Pittsburgh-Des Moines Co.*, 363 Pa. 1, 18, 68 A. 2d 517. In *Commonwealth v. Nasuti*, 180 Pa. Superior Ct. 279, 119 A. 2d 642, where the facts in an arson case were exceptional, we approved the admission of expert testimony as to the incendiary origin of the fire, on the ground that the opinion of the expert, together with his reasons therefor, were of assistance to the jury in determining the issue. In the appeal from our decision in the same case, Mr. Chief Justice STERN speaking for the Court in 385 Pa. 436, 123 A. 2d 435, said: "That the corpus delicti can always be proved by circumstantial evidence is unquestionable . . . No reason is or can be advanced why the introduction of expert testimony in connection with the proof of the corpus delicti in arson cases should be governed by any different rules than those which apply in prosecutions for other crimes (see 4 Am. Jur. 108, §52). Thus, in murder cases for example, it is common practice to receive expert medical opinion to establish that the death of the victim was the result, not of natural causes, but of a criminal act, as, perhaps, that the deceased died of suffocation caused by strangulation, or as the result of bullet wounds in vital areas. Expert testimony is admissible in all cases, civil and criminal alike, when it involves explanations and inferences not within the range of ordinary training, knowledge, intelligence and experience."

The facts in the instant case involved inferences not within the common knowledge and experience of lay jurors, and expert testimony as to the origin of the fire therefore was properly admitted.

The judgment of sentence is affirmed and it is ordered that the defendant appear in the court below at

such time as he may be there called, and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.