Commonwealth *v.* Kumitis, Appellant.

134

Submitted March 19, 1959. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Albert A. Kumitis*, appellant, in propria persona.

*Paul R. Beckert*, District Attorney, and *Ward F. Clark*, Assistant District Attorney, for appellee.

OPINION BY WATKINS, J., June 10, 1959:

These appeals are from the judgments and sentences of the Court of Oyer and Terminer of Bucks County, Pennsylvania. The defendant, Albert A. Kumitis, was tried under two bills of indictment charging larceny, receiving stolen goods, burglary and conspiracy; was convicted by the jury of larceny, burglary and conspiracy; and was sentenced to 7½ to 15 years on each indictment; the sentences to run concurrently.

These appeals complain of the dismissal by the court below of a rule to show cause why the notes of testimony should not be corrected and the denial of motions in arrest of judgment and for a new trial. President Judge EDWARD G. BIESTER, the trial judge, in support of the court's action, filed a careful opinion in each matter disposing of the many objections raised by the defendant.

A reading of the letters of this defendant to the trial judge, which were made a part of the record, as well as an examination of his brief, disclose a course of conduct toward the court that was clearly disrespectful and impertinent. Despite this attitude by the defendant, Judge BIESTER patiently and painstakingly disposed of every question he raised and the record clearly shows that this defendant, represented by able counsel, had a fair trial in which the judge leaned over backwards to protect his rights under the law. This was so apparent in this record that what we said in *Com. v. Helwig,* 184 Pa. Superior Ct. 370, 134 A. 2d 694 (1957), at page 379, in reference to the trial judge in that case, is equally well applicable to Judge BIESTER here:

"We must commend the patience of the trial judge in this case and agree wholeheartedly with his opinion where it states, 'Although the courts are and should be concerned that the rights of a defendant charged with crime be fully protected, nevertheless society should also be protected against what we believe to have been in this case unjustifiable and malicious effort to thwart justice and orderly judicial procedure', . . . Judge WOODSIDE of this Court, in an address before the Pennsylvania Bar Association, aptly summed it up when he said, 'Drawing the line between the accused and the officers of his government is a difficult and serious problem for appellate courts. If it is drawn too far in one direction, individual freedom will be lost through the abuse of governmental power. If it is drawn too far in the other direction, free government has insufficient protection against those who would destroy it, and its citizens have inadequate protection against the criminals'."

The defendant assigns as error on these appeals, the failure of the court below to assign counsel to prepare

and argue these appeals to this Court. This is without merit. *Com. ex rel. Hallman v. Tees,* 179 Pa. Superior Ct. 490, 118 A. 2d 273 (1955). Able counsel represented him at his trial; he personally prepared two briefs in the lower court in support of the rule and the motions; and the brief prepared by himself in support of his appeals has brought every question, that it was possible to raise, to the attention of this Court. This is not a new adventure for this defendant as he has argued on his own behalf in *Com. v. Kumitis,* 73 D. & C. 101 and before this Court in *Com. v. Kumitis,* 167 Pa. Superior Ct. 184, 74 A. 2d 741 (1950). We have held that to constitute a denial of due process the burden is on the one who asserts it to show that because of lack of counsel to advise him, "an ingredient of unfairness actively operated in the process that resulted in his conviction and subsequent confinement." *Com. ex rel. Hendrickson v. Myers,* 182 Pa. Superior Ct. 169, 172, 126 A. 2d 485 (1956).

As to all of the other matters raised by these appeals, the judgments and sentences of the court below are affirmed on the opinions of President Judge EDWARD G. BIESTER, as reported in 17 Pa. D. & C. 2d 437 and 17 Pa. D. & C. 2d 445.