## Commonwealth ex rel. Sliva, Appellant, *v.* Banmiller.

Submitted September 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Henry Sliva,* appellant, in propria persona.

*William C. Cahall, III,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., November 16, 1960:

This is an appeal from the dismissal of a petition for a writ of habeas corpus by the Court of Common Pleas of Montgomery County. The record discloses that eight bills of indictment were found against the defendant-appellant, Henry Sliva. Four of the bills contained two counts each of robbery and robbery while armed with an offensive weapon. Three bills have one count of burglary and a count of violation of the Uniform Firearms Act. The defendant was found guilty of all counts in all the bills except the bill charging violation of the Uniform Firearms Act.

The appellant raised two questions by this appeal (1) may a person accused of a felony be tried with less than twelve jurors? and (2) may not an indictment be properly regarded as null and void when it is found to contain three separate charges which arise out of three separate transactions?

"A constitutional right of a defendant on trial for crime other than murder may be waived on his behalf by his counsel. There is a presumption that counsel

at the trial in this case acted on authority from the defendant and that presumption is strengthened by the fact of defendant's presence in court when the right was waived, and especially by his acquiescence during the remainder of the trial in proceeding with eleven jurors." *Commonwealth v. Adams,* 187 Pa. Superior Ct. 611, 614, 145 A. 2d 729 (1958). See also: *Com. ex rel. Paylor v. Cavell,* 185 Pa. Superior Ct. 176, 138 A. 2d 246 (1958). In the instant case the record shows that when a juror reported sick on the second day of the trial, the trial continued with only eleven jurors after the court below secured the individual waivers of the district attorney, counsel for the defendant and the defendant himself.

As to the second question, we agree with the disposition made by the court below in holding, "The Superior Court in Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271 (1951) stated that a bill of indictment may contain several counts charging several offenses if they all arise out of the same transaction. Such was the situation in the instant case. The consolidation of indictments charging separate and distinct offenses is largely within the discretion of the trial court and where the indictments are closely related such consolidation is not objectionable unless the defendant has been prejudiced thereby. Commonwealth v. Nestor, 183 Pa. Superior Ct. 350 (1957)." However, it should be said again that habeas corpus is not the remedy by which defects in the bill of indictment may be raised. *Com. ex rel. Burge v. Ashe,* 168 Pa. Superior Ct. 271, 77 A. 2d 725 (1951); *Com. ex rel. Jackson v. Day,* 179 Pa. Superior Ct. 566, 118 A. 2d 289 (1955).

The order of the court below is affirmed.