**UNITED STATES of America ex rel. Henry SLIVA**

v.

**COMMONWEALTH OF PENNSYLVANIA, William J. Banmiller, Warden, et al.**

Misc. No. 2283.

United States District Court
E. D. Pennsylvania.

Aug. 9, 1961.

See also 196 F.Supp. 51.

Finally, it should be noted that the Superior Court of Pennsylvania considered and rejected these issues of law in an opinion by Judge Watkins, Commonwealth v. Sliva, 1960, 193 Pa.Super. 490, 165 A.2d 689.

For the foregoing reasons, the petition for the writ of habeas corpus is hereby denied.

Henry Sliva, pro se.

WOOD, District Judge.

This is a petition for a writ of habeas corpus which challenges the prosecutor's use of evidence and the charge of the court in petitioner's trial on charges of robbery and burglary.

We issued an order to show cause why the writ should not be granted and an order that the respondent produce the complete record of the case. The petition and answer present only questions of law: no disputes of fact are apparent. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, Id., 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

We have read the notes of testimony of petitioner's trial and have carefully studied the charge of the court. We have concluded that the court's charge was a fair and full presentation to the jury of the single issue in the case: namely, whether petitioner was the same man who had committed the alleged robberies. Furthermore, the adequacy of a charge cannot be challenged by way of a writ of habeas corpus unless the charge was so fraught with error so as to deprive the petitioner of fundamental fairness. Such was clearly not the case here. Kenion v. Gill, 1946, 81 U.S.App.D.C. 96, 155 F.2d 176.

The petition contains charges that the prosecutor used perjured testimony in attempting to establish petitioner's identity as the robber. The allegation is totally without merit in law or fact. United States ex rel. Saunders v. Myers, 3 Cir., 1960, 276 F.2d 790.