UNITED STATES of America ex rel. Henry SLIVA

v.

COMMONWEALTH OF PENNSYLVANIA, William J. Banmiller, Warden, et al.

Misc. No. 2293.

United States District Court E. D. Pennsylvania.

Aug. 9, 1961.

Henry Sliva, pro se.

**WOOD, District Judge.**

The petitioner is presently serving a sentence in the Eastern State Penitentiary at Philadelphia, Pennsylvania. He was tried before a jury and convicted on three bills of indictment containing several counts of robbery, armed robbery, and burglary. The petition states that petitioner is serving a sentence of from thirty to sixty years as a consequence of his conviction on these charges.

Two questions are raised by the petition: (1) Was the petitioner deprived of due process of law by the indictments which contained separate charges of separate crimes? (2) Was the petitioner's conviction by a jury consisting of eleven jurors a deprivation of his constitutional rights?

The facts are not in dispute; therefore, it is unnecessary for us to hold a hearing. The following facts appear from the petition and from the opinions of the State Courts which considered the petition.[1]

The trial commenced on February 16, 1959, with a panel of twelve jurors. The next day when the court convened after the noon recess juror No. 7 was taken ill. The court then asked the District Attorney, petitioner's counsel and petitioner if they would agree to waive trial by twelve jurors and go on with the case with eleven jurors. On page 269 of the notes of testimony it is stated that the District Attorney, the defense counsel and the accused all gave their individual consent. Petitioner's consent was manifested by a nod of his head when the court asked him if he would agree to continue the case with eleven jurors. Petitioner now argues that he did not give his "express and intelligent consent" and that the trial court failed in its duty to accept his waiver with a "sound and advised discretion." Petitioner relies upon the case of Patton et al. v. United States, 1930, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, in support of the proposition that such a waiver by a defendant in a criminal case must be "express and intelligent."

This contention was considered by the Court of Common Pleas of Montgomery County, Pennsylvania in an opinion by Judge Honeyman denying the petition for a writ of habeas corpus and also by the Superior Court of Pennsylvania in an opinion by Judge Watkins affirming Judge Honeyman's opinion. Both Pennsylvania courts held that *counsel* for defendant can waive a constitutional right of the defendant in a trial for a crime other than murder; and that in the instant case there was a waiver by both counsel for defendant and defendant himself, which was adequate under Penn-

1. See Commonwealth ex rel. Sliva v. Banmiller, 1960, 193 Pa.Super. 495, 165 A.2d 688.

sylvania law. Commonwealth v. Adams, 1958, 187 Pa.Super. 611, 614, 145 A.2d 729.

 It is settled law that the constitutional guarantee to a speedy and public trial by jury in all criminal prosecutions pertains only to *Federal* prosecutions. Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. The states are free to determine their own practice with regard to the right of a criminal defendant to a jury trial and to the assistance of counsel, providing that such practice shall not deprive the accused of life, liberty, or property without due process of law. Bute v. People of State of Illinois, 1948, 333 U.S. 640, at pages 662, 663, 68 S.Ct. 763, 92 L.Ed. 986. The requirement that the waiver of a jury trial (or of the right to be tried by twelve jurors) must be manifest by an express, intelligent act of the defendant is a rule applicable to Federal criminal trials only. The judgment of the Pennsylvania courts that the petitioner's waiver was adequate under Pennsylvania law was conclusive and cannot be reviewed by this Court in a habeas corpus proceeding. Coates v. Lawrence, D.C.Ga.1942, 46 F.Supp. 414, affirmed 5 Cir., 131 F.2d 110, certiorari denied 318 U.S. 759, 63 S.Ct. 532, 87 L.Ed. 1132; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. We conclude that the petitioner's contention that he was deprived of a constitutional right by a jury trial of twelve jurors has no merit.

 The Pennsylvania State Courts also held that the bills of indictment and the consolidation for trial of the indictments charging separate and distinct offenses was not objectionable under Pennsylvania law because the defendant was not prejudiced thereby. Commonwealth v. Nestor, 1957, 183 Pa.Super. 350, 132 A.2d 369. Furthermore, the action of the trial court in consolidating

indictments is not open to attack on a habeas corpus proceeding. Commonwealth ex rel. Tokarchik v. Claudy, 1954, 174 Pa.Super. 509, 102 A.2d 107, certiorari denied Tokarchik v. Claudy, 347 U.S. 993, 74 S.Ct. 857, 98 L.Ed. 1126; United States ex rel. Borday v. Claudy, D.C.M.D.Pa.1952, 108 F.Supp. 778. We conclude that the petitioner's argument with respect to the bills of indictment is without merit.

### Order

And now, to wit, this 9th day of August, 1961, it is hereby ordered that the petition for a writ of habeas corpus is denied.

### On Motion For Appointment Of Counsel

█ In view of our Order entered *eo die* 196 F.Supp. 50, denying petitioner's application for a writ of habeas corpus, there is no justification nor necessity for the appointment of counsel for him as requested. The brief petition filed by the prisoner states:

"He [petitioner] feels that in the event this Court issues a Show Cause Order, he would find himself at a marked disadvantage if called to cope with the anticipated barrage of technical legalisms the district attorney and his aids would raise to befog the issue."

The above-mentioned Order clearly indicates that in the opinion of the Court counsel at this stage of the proceedings would be of no assistance whatever in this case. Furthermore, we know of no authority which requires us to appoint counsel, assuming the prisoner to be indigent, merely because, in his opinion and as stated in his petition, he wishes to "make an equal contest of it."

Therefore, we will consider the petition as a motion for the appointment of counsel and as such is denied.