## Commonwealth ex rel. Sliva v. Rundle

*Henry Sliva,* p. p.

FORREST, P. J., May 8, 1962.—A prisoner in the State Correctional Institution at Philadelphia has filed this petition for writ of habeas corpus. He contends that the court committed prejudicial error prior to and during the trial of his case. These contentions will be considered seriatim.

Petitioner argues that the trial judge abused his discretion in denying a separate trial on the various bills of indictment. Petitioner advanced this argument on his previous petition for writ of habeas corpus in this court as of February term, 1960, no. 151. The Superior Court, affirming this court, decided that such contention was unmeritorious: Commonwealth ex rel. Sliva v. Banmiller, 193 Pa. Superior Ct. 495 (1960). Petitioner "cannot raise here the questions which were raised and decided in the previous actions from which no appeal was taken": Commonwealth ex rel. Stranahan v. Banmiller, 190 Pa. Superior Ct. 420, 426 (1959).

Second and third, petitioner complains that the trial judge "suppressed facts" and "entered the case as an advocate for the Commonwealth." These criticisms are unfounded. This trial, including the instructions of the trial judge, on nine bills of indictment charging robbery and burglary, lasted four days, and the Commonwealth's evidence was presented by 43 witnesses. The notes of testimony are 560 pages in length. Defendant himself did not testify. Defendant had one character witness and one alibi witness whose testimony did not exclude the possibility that defendant was present and committed the crimes. The jury rendered its verdict on Thursday, February 19, 1959.

Defendant's counsel conferred with defendant on February 19 and 20, 1959, and on February 24, 1959, the last day for filing a motion for new trial, counsel informed the trial judge that defendant did not anticipate filing a motion for new trial. On February 25, 1959, defendant testified that he had "understood" that his counsel "was going to make the motion . . ." Defendant was represented by youthful, but nevertheless able counsel, whose word we have no cause to doubt. It is apparent that petitioner is attempting to use the writ of habeas corpus to present the same arguments that could have been raised by an appeal. "Habeas corpus is not available to correct trial errors which could have been reviewed and corrected on appeal": Commonwealth ex rel. Gouch v. Myers, 196 Pa. Superior Ct. 285, 287 (1961).

Fourth, petitioner contends that the trial judge erred in overruling his demurrer to the evidence.

Fifth, petitioner contends that the charge of the court unduly emphasized the Commonwealth's evidence and slighted defendant's evidence. There is no merit in these contentions. Even if there were, the argument should have been made by motion for new trial or motion in arrest of judgment.

Sixth, petitioner contends that the court erred in refusing to allow defendant to argue for an arrest of judgment. A motion in arrest of judgment was never filed. Hence, this contention is unmeritorious like all of the other matters mentioned in the petition and discussed by petitioner in his brief, which demonstrates more cunning than candor.

"While the principles of res judicata do not, strictly speaking, control in habeas corpus, courts do not favor piecemeal attack on convictions and sentences by means of a series of habeas corpus petitions": Commonwealth ex rel. Spader v. Myers, 196 Pa. Superior Ct. 23, 28 (1961).

Since we find neither a mistake of law nor a mistake of important material facts constituting a denial of due process which, in the interests of justice, requires the allowance of the writ, we shall dismiss the petition: Commonwealth ex rel. Sampson v. Banmiller, 406 Pa. 147.

And now, May 8, 1962, the petition is dismissed and the writ of habeas corpus is denied.