UNITED STATES of America ex rel. Henry SLIVA

v.

A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania 19130.

No. M-2601.

United States District Court
E. D. Pennsylvania.

Oct. 17, 1963.

WOOD, District Judge.

Henry Sliva, the Relator, has filed his third petition with this Court seeking a writ of habeas corpus. Since his conviction in 1959 [1] for robbery and burglary, the Relator has been engaged in extended litigation in the State and Federal Courts attacking his sentence for these crimes. Only a part of these proceedings is relevant to a disposition of the present petition.

The Relator filed his first petition for a writ of habeas corpus with the Common Pleas Court of Delaware County in 1960, which was denied and this denial was affirmed by the Superior Court in 1960.[2]

1. Com. v. Sliva, 193 Pa.Super. 490, 165 A.2d 68-9 (1960).

2. Com. ex rel. Sliva v. Banmiller, 193 Pa. Super. 495, 165 A.2d 688 (1960); also see Com. ex rel. Sliva v. Rundle, 199 Pa. Super. 474 (1962); 200 Pa.Super. 465, 190 A.2d 177 (1963).

In his previous petitions, denied by this Court,[3] he advanced the same issues of *law* which had been rejected by the Superior Court of Pennsylvania (*supra*, Notes 1 and 2). Now, once again, he attacks the indictment which he has previously done in prior petitions and on appeal in the State and Federal Courts. In addition, the Relator alleges that he has obtained newly discovered evidence, namely: a letter dated June 13, 1963, from Brandon Barringer, a witness who denies that he ever identified the petitioner as the man who robbed his home. This newly discovered evidence relates only to the guilt of the Relator, and is not a ground for relief on Federal habeas corpus. Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962).

The Relator has had a fair and complete evidentiary hearing in the State Court regarding his attack on the indictment which was decided on the merits. The ends of justice would not be served by reaching the merits of his present application. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

We have examined the records and files in this case on the Relator's previous applications for collateral relief and nothing contained in his present petition warrants a hearing by this Court. Sanders v. United States, supra.

In his petition Relator also alludes to being held incommunicado after his arrest for nine days, and he also states that he was denied the effective assistance of counsel during the trial. Both of these grounds were never claimed by the Relator in any previous petition, although they were known to him and must have existed when he was convicted. We have disposed of the Relator's two previous petitions filed with this Court and he has shown an uncommon proficiency for thoroughly presenting his grounds for issuance of the writ. It strains our credulity to believe that he would not have presented these additional allegations before this time. This is particularly true in view of the many proceedings which he has initiated since 1959.

His conduct in withholding these alleged constitutional violations amounts to an abuse of the equitable character of the Great Writ and disentitles him to a hearing on his present petition. Townsend v. Sain, supra, 372 U.S. at p. 312, 83 S.Ct. at p. 757, 9 L.Ed.2d 770; Sanders v. United States, supra, 373 U.S. pp. 17-19, 83 S.Ct. pp. 1078, 1079, 10 L.Ed.2d 148; and Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

## ORDER

AND NOW, this 17th day of October, 1963, the petition of Henry Sliva for a writ of habeas corpus is DENIED.

3. United States ex rel. Sliva v. Banmiller, 196 F.Supp. 50 and 196 F.Supp. 51 (E. D.Pa.1961); cert. den. 368 U.S. 994, 82 S.Ct. 612, 7 L.Ed.2d 531 (1962), rehearing den. 369 U.S. 832, 82 S.Ct. 847, 7 L. Ed.2d 797 (1962).