**UNITED STATES of America ex rel. Henry SLIVA**

v.

**A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania, 19130.**

**No. M–2668.**

United States District Court
E. D. Pennsylvania.
March 13, 1964.

Henry Sliva, in pro. per.

WOOD, District Judge.

On February 27, 1964, we denied the petitioner's application for a writ of habeas corpus without a hearing. He now seeks a reconsideration of that denial or a certificate of probable cause. In order to clarify our decision, at his request, we

have set out in detail his entire trial and post-trial history to the best of our knowledge.

The petitioner was convicted of robbery on February 16, 1959, in Montgomery County, and sentenced to a term of 30 to 60 years in the State Correctional Institution at Philadelphia.[1] Ten months later he was convicted of robbery and burglary in Delaware County and sentenced on these crimes to a term of 5 to 10 years,[2] this latter sentence to run *concurrently* with the prior conviction in Montgomery County.

We have considered all of the petitioner's previous applications which were filed with this Court dealing with both of his convictions. His present petition attacks his Montgomery County judgment in the following respects: (1) he accuses the trial judge of outrageous misconduct ranging from falsification of records to outright prejudice toward the defendant; and (2) he claims that his constitutional right to appeal his conviction was denied him because he lacked funds to pay the costs.

In paragraph 5 of his petition Mr. Sliva admits that he is raising these two claims for the first time. His first petition in this Court Miscellaneous No. 2293 (196 F.Supp. 51), attacked the consolidation of his indictments and claimed that his conviction by 11 jurors was invalid. We considered the complete record of the trial at that time and found his allegations to be without merit.

[1] No appeal was taken from this conviction. Relator's habeas corpus history is as follows: Commonwealth ex rel. Sliva v. Banmiller, 193 Pa.Super. 495, 165 A.2d 688 (1960); cert. denied 366 U.S. 946, 81 S.Ct. 1677, 6 L.Ed.2d 856 (1961); Commonwealth ex rel. Sliva v. Rundle, 28 Pa.Dist. & Co.R.2d 604 (1962); aff'd. per curiam 199 Pa.Super. 474, 186 A.2d 405 (1962); United States ex rel. Sliva v. Commonwealth of Pa. (Banmiller), 196 F.Supp. 51 (E.D.Pa.1961); cert. denied 368 U.S. 994, 82 S.Ct. 612, 7 L.Ed.2d 531 (1962); rehearing denied 369 U.S. 832, 82 S.Ct. 847, 7 L.Ed.2d 797 (1962).

[2] Commonwealth v. Sliva, 193 Pa.Super. 490, 165 A.2d 689 (1960); (allocatur re-

fused by Pennsylvania Supreme Court), cert. denied 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850 (1961); Commonwealth ex rel. Sliva v. Rundle, 200 Pa.Super. 465, 190 A.2d 177 (1963); (allocatur refused), cert. denied 374 U.S. 847, 83 S.Ct. 1905, 10 L.Ed.2d 1067 (1963); United States ex rel. Sliva v. Commonwealth of Pa. (Banmiller), 196 F.Supp. 50 (E.D. Pa.1961); cert. denied 368 U.S. 994, 82 S.Ct. 612, 7 L.Ed.2d 531 (1962); rehearing denied 369 U.S. 832, 82 S.Ct. 847, 7 L.Ed.2d 797 (1962); United States ex rel. Sliva v. Rundle, 222 F. Supp. 774 (E.D.Pa.1963); cert. denied 376 U.S. 927, 84 S.Ct. 692, 11 L.Ed.2d 622.

■ Our denial of his present petition is predicated on the grounds that these allegations of misconduct on the part of the trial judge are so incredible in the light of his previous petition as to amount to bad faith and constitute an abuse of the writ of habeas corpus. Sanders v. United States, 373 U.S. 1, 10, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Also, since he failed to raise the allegation of his denial of appeal because of lack of funds, in the State Courts, we are without jurisdiction to consider it now. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Motion denied.