Frank J. Henderson, Petitioner *v.* Workmen's Compensation Appeal Board (County of Allegheny), Respondents.

Submitted on briefs October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

244 

*Thomas P. Greer,* for petitioner.

*Leta V. Pittman,* law offices of *Wm. K. Herrington,* for respondent, County of Allegheny.

OPINION BY JUDGE ROGERS, November 9, 1983:

The petitioner in this workmen's compensation case is a claimant who, having retired as a fireman for the City of Pittsburgh, was working for the Allegheny County Board of Assessment when on February 7, 1979 while moving heavy records he suffered a heart attack.

At the referee's hearing of the petitioner's Claim Petition, both the claimant and his employer adduced the testimony, by deposition, of physicians. The claimant's physician testified that the claimant had suffered an acute myocardial infarction precipitated by his work on the day of the heart attack. The employer's physician testified that the claimant had coronary heart disease with acute myocardial infarction and that it was his opinion that the claimant's heart attack was the result, not of his work, but of his underlying disease.

The referee concluded that the claimant had not sustained a work-related injury and the Board affirmed.

The issue in this case grows out of the following fact found by the referee:

19. In the interests of thoroughness, we state that, had the defendant not introduced the testimony of its physician, we would have found for the defendant. The claimant's physician gave his opinion as to causation, although he did not furnish any history given to him at the time he saw the claimant in 1979, but relied on the testimony given by the claimant at a subsequent Worker's Compensation hearing. Defendant's counsel properly objected to the use of the claimant's hearing testimony in lieu of a proper history. The claimant's physician did not testify to any testing or examination of the claimant but offered an opinion without a proper foundation having been laid previously.

As the finding shows, the referee accepted the defendant's physician's testimony as to causation and rejected that of the claimant's physician on the ground that the claimant's evidence was based not upon a history personally given by the claimant, but on the claimant's testimony in the case. In this the referee erred. It is not required that the medical witness's testimony as to causation be based upon a history personally given the physician by the patient. The expert's medical opinion may be based on assumed facts appearing in the record either recited to him by counsel in the form of a hypothetical question or, what amounts to the same thing, on facts learned by reading the relevant portions of the record testimony. *Kelly v. Martino,* 375 Pa. 244, 99 A.2d 901 (1953); *Kelly v. Watson Coal Company,* 272 Pa. 39, 115 A. 885 (1922).

The claimant's physician having been asked whether he had read the claimant's testimony descriptive of the claimant's work on the day of his heart attack and having said that he had, testified: "In my clinical

judgment, the stress and strain that [the claimant] went through that day precipitated his myocardial infarction.'' This was competent causation evidence under the cases cited and should not have been rejected as incompetent.

We therefore reverse the order below and remand the record to the Workmen's Compensation Appeal Board with direction that the record be returned to the referee for a disposition based on the whole record including the causation testimony of the claimant's physician.

ORDER

AND Now, this 9th day of November, 1983, the order of the Workmen's Compensation Appeal Board is reversed and the record is remanded to the Board with direction that it be returned to the referee for a disposition based on the whole record including the causation testimony of the claimant's physician.