## PENNSYLVANIA UNINSURED EMPLOYERS GUARANTY FUND, Petitioner

v.

## WORKERS' COMPENSATION APPEAL BOARD (DUDKIEWICZ, deceased, Builders Prime Window and TH Properties), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 2014.

Decided April 7, 2014.

Peter J. Weber, Philadelphia, for petitioner.

Elizabeth H. Marcon, Center Valley, for respondent TH Properties.

Karyn Dobroskey Rienzi, Philadelphia, for respondent Builders Prime Window.

BEFORE: LEADBETTER, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY McCULLOUGH, Judge.

The Pennsylvania Uninsured Employers Guaranty Fund (UEGF)[1] petitions for review of the August 12, 2013 order of the Workers' Compensation Board of Review (Board), which, in relevant part, affirmed the decision and order of a workers' compensation judge (WCJ) dismissing the joinder petitions filed by UEGF against Builders Prime Window (Builders Prime) and TH Properties (THP). We affirm.

Dominic Dudkiewicz (Claimant) filed a claim petition against Michael Rossini Construction (Rossini Construction) and UEGF, asserting that on October 9, 2009, while employed by Rossini Construction as a laborer, he fell from a second-story roof and sustained numerous injuries. (Reproduced Record (R.R.) at 3a–4a.) UEGF filed an answer denying the material allegations in the claim petition and specifically denying the existence of an employment

relationship between Claimant and Rossini Construction. (R.R. at 5a–7a.)

At the first hearing, on February 9, 2010, the parties requested bifurcation of the employment relationship issue. The WCJ heard Claimant's testimony as to the entire case and then directed the parties to proceed with their respective cases on the merits. The WCJ stated that he did not want the case to drag out given that Claimant was homeless, (R.R. at 70a), and, throughout the proceedings, the WCJ stressed the importance of adhering to deadlines. The WCJ informed the parties that he was relisting the matter for March 30, 2010, in order to receive defense testimony and complete evidence on the employment relationship issue and that all evidence had to be submitted by October 1, 2010.

At the March 30, 2010 hearing, the defense did not present evidence concerning the employment relationship as expected,[2] and it was learned that attorney Vincent Cirillo had not entered an appearance on behalf of Michael Rossini (Rossini), Claimant's alleged Employer.[3] The WCJ continued the case in order to allow Rossini an opportunity to secure counsel and extended the deadline to October 15, 2010. (R.R. at 113a–26a.)

---

1. UEGF is a separate fund in the state treasury, established in section 1602 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 2702, for the exclusive purpose of paying workers' compensation benefits due to claimants and their dependents where the employer liable for the payments was not insured at the time of the work injury. Insurers and self-insured employers are assessed as necessary to pay claims and the cost of administering the fund. Section 1607 of the Act, 77 P.S. § 2707. Although UEGF is not considered an insurer and is not subject to penalties, unreasonable contest fees, or any reporting and liability requirements under section 440 of the Act, 77 P.S. § 996, UEGF has "all of the same rights, duties, responsibilities and obligations as an

insurer." Section 1602 of the Act, 77 P.S. § 2702.

2. Counsel for UEGF stated only that she had spoken with Michael Rossini's attorney the day before the hearing and learned that he had not entered an appearance on Rossini's behalf. Claimant's counsel indicated that he had not received any discovery from Rossini's attorney, although he had made several phone calls and sent several letters, most recently on March 18, 2010. (R.R. at 116a.)

3. It was later established for the record that there is no entity named "Michael Rossini Construction." (R.R. at 130a.)

A hearing scheduled for April 29, 2010, was postponed by the WCJ, and a hearing scheduled for May 18, 2010, was cancelled by Claimant's counsel. Rossini testified before the WCJ at a hearing on May 20, 2010. Rossini explained that he worked as a subcontractor for Builders Prime and that THP was the owner of the construction site. The WCJ again emphasized the need to conclude the case expeditiously. Following the testimony at that hearing, UEGF's counsel stated that UEGF planned to join State Workers' Insurance Fund and Builders Prime. The WCJ responded that UEGF should do so promptly, indicating that he would notify UEGF of his receipt of the joinder petition and stating that he would be issuing a decision on the employment relationship that "could nullify the Joinder." (R.R. at 162a.)

On May 27, 2010, UEGF filed a joinder petition naming Builders Prime as an additional employer. (R.R. at 8a–9a.) No reason for the request was provided in the petition. Builders Prime filed a motion to strike the joinder petition as untimely and insufficient to state a case against Builders Prime. On September 3, 2010, UEGF filed a second joinder petition naming THP as an additional employer, alleging that THP was the general contractor at the construction site where the alleged work injury occurred. (R.R. at 12a–13a.)

On September 28, 2010, the WCJ issued a decision and interlocutory order dismissing both joinder petitions as untimely and finding, alternatively, that the petition to join Builders Prime was not in compliance with applicable regulations.[4] (R.R. at 15a–18a.) The WCJ noted that Claimant was questioned about his knowledge of Builders Prime at the February 9, 2010 hearing and that UEGF's subsequent request for a subpoena of Builders Prime's records was granted on February 25, 2010. The WCJ determined that, because UEGF did not file a joinder petition or request leave for an extension of time within twenty days of the February 9, 2010 hearing, the petition

4. The regulations governing practice and procedure before workers' compensation judges set forth requirements for all pleadings. The regulation at 34 Pa.Code § 131.36 specifically addresses petitions for joinder and, in relevant part, states as follows:

> § 131.36. Joinder
> (a) A party desiring to join another defendant to assert a claim relevant to the pending petition may do so as a matter of right by filing a petition for joinder.
> (b) A petition for joinder **shall set forth** the identity of employers and insurance carriers sought to be joined and **the reasons for joining a particular employer or insurance carrier as well as the specific facts and the legal basis for the joinder.**
>
> \*       \*       \*
>
> (d) An original and the number of copies specified on the Bureau petition for joinder form **shall be filed no later than 20 days after the first hearing at which evidence is received regarding the reason for which joinder is sought,** unless the time is extended by the judge for good cause shown.

> (e) The petition for joinder shall be filed with the Bureau and an original of any answer shall be filed with the office of the judge to whom the case has been assigned.
> (f) An answer to a petition for joinder shall be filed in accordance with section 416 of the act (*77 P.S. § 821* ) within 20 days after the date of assignment by the Bureau to the judge and may include a motion to strike.
>
> \*       \*       \*
>
> (i) After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant. The additional defendant is liable to any other party as the judge orders. The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.
> (j) The judge may strike the petition for joinder, and the judge may order the severance or separate hearing of a claim presented therein, or as a result of the joinder.
> (k) The judge will issue an order when the motion to strike a petition for joinder is granted.
> 34 Pa.Code § 131.36 (emphasis added).

to join Builders Prime was untimely under 34 Pa.Code § 131.36(d). The WCJ further concluded that the petition to join Builders Prime failed to set forth the rationale for the petition as required by 34 Pa.Code § 131.36(b).[5] The WCJ also observed that the last hearing at which any party presented evidence took place on May 20, 2010, and, thus, concluded that the petition filed on September 3, 2010, to join THP also was untimely.

The WCJ circulated a decision and final order on February 15, 2011. The WCJ found that Claimant was an employee of Rossini Construction and that Claimant suffered multiple work-related injuries that rendered him totally disabled. The WCJ granted the claim petition and awarded Claimant total disability compensation and medical expenses but not litigation costs, because Claimant's bill of costs had not been placed into evidence.

Claimant and UEGF appealed to the Board. The Board concluded that an award of litigation costs is mandatory under section 440 of the Workers' Compensation Act (Act)[6] and that a remand was appropriate to allow Claimant to introduce these costs. However, the Board rejected UEGF's argument that the WCJ erred in dismissing the joinder petitions and affirmed the WCJ's determinations that both petitions were untimely filed.[7] UEGF now petitions this Court for review.[8]

■ On appeal, UEGF argues that the WCJ erred in dismissing both joinder petitions as untimely[9] and thereby denying UEGF the opportunity to establish that Builders Prime or THP was Claimant's statutory employer.[10]

---

5. The WCJ indicated that the failure to comply with § 131.36(b) provided an additional basis to dismiss the joinder petition. Based on our disposition, we need not address UEGF's contention that its failure to set forth the required information in the petition did not result in prejudice to Builders Prime and therefore did not constitute separate grounds for dismissal.

6. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996. Section 440(a) states as follows:

   (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a).

7. The Board also rejected UEGF's contention that Claimant did not meet his burden of proof, but UEGF does not continue this argument on appeal.

8. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

9. UEGF did not request an extension of time and does not contend that it had good cause warranting an extension of time to file a joinder petition.

10. An entity's status as a statutory employer results in liability for workers' compensation benefits due to the injured employee. *Vandervort v. Workers' Compensation Appeal Board (City of Philadelphia)*, 899 A.2d 414, 417 n. 5 (Pa.Cmwlth.2006); *Carpenters' Joint Apprenticeship Committee v. Workmen's Compensation Appeal Board (Wisniewski)*, 654 A.2d 656 (Pa.Cmwlth.1995). Pursuant to sections 203 and 302 of the Act, 77 P.S. §§ 52, 462, certain entities, usually contractors, may be deemed

The goal of rules pertaining to the joinder of additional defendants is "to provide a means to simplify and expedite the disposition of matters" involving multiple parties without subjecting the original plaintiff to unreasonable delay in the prosecution of his claim. *Zakian v. Liljestrand*, 438 Pa. 249, 256, 264 A.2d 638, 641 (1970). In workers' compensation proceedings, joinder is governed by 34 Pa. Code § 131.36, part of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges.[11] Joinder is permitted as of right, so long as a petition for joinder is filed within the prescribed time period, i.e., no later than twenty days after the first hearing at which evidence is presented regarding the reason for which joinder is sought. *Id.* The WCJ may waive or modify the deadline for good cause. 34 Pa.Code § 131.36(a). The decision to grant or deny a petition for joinder is within the discretion of the WCJ. *Strattan Homes, Inc. v. Workmen's Compensation Appeal Board (Hollis)*, 159 Pa.Cmwlth. 433, 633 A.2d 1250, 1257 (1993); *Krumins Roofing & Siding v. Workmen's Compensation Appeal Board (Libby)*, 133 Pa.Cmwlth. 211, 575 A.2d 656 (1990).

UEGF first asserts that, with respect to the petition to join Builders Prime as an additional defendant, the twenty-day deadline imposed under § 131.36(d) did not begin to run until the hearing on May 20, 2010, during which Rossini testified and explained that he worked as a subcontractor for Builders Prime. However, as the WCJ observed, Claimant testified at the February 9, 2010 hearing that Rossini was installing windows for Builders Prime. (R.R. at 79a, 90a–91a.) Notably, the pertinent discussion was initiated by counsel for UEGF:

Q. Okay. There was never a contractor by the name of Builders Prime there?

A. Builders Prime?

Q. Yes.

A. I believe they were who supplied us for like the windows and things like that. I know Builders Prime was there. The day that I fell, Builders Prime had dropped off windows.

Q. Okay. But you never took any instructions from them on how to install windows?

statutory employers because the injured employee's direct employer, the sub-contractor, failed to properly secure workers' compensation insurance.

Although the Act does not use the term "statutory employer," section 203 of the Act states: An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or

contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. § 52. And in relevant part, section 302(b) of the Act states:

Any employer who permits the entry upon premises occupied by him or under

his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.... 77 P.S. § 462.

11. The main purpose of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges is "to promote, consistent with fairness and due process, the orderly and expeditious determination of proceedings" before WCJs and to implement the remedial intent of the Act. 34 Pa.Code § 131.1(a).

A. No, sir. Not at all.

(R.R. at 79a–80a.) Shortly thereafter, in response to questions from Rossini's attorney,[12] Claimant stated that, on the day he was injured, he had been installing windows in a new development involving the construction of multiple homes. (R.R. at 89a–90a.) Claimant further testified as follows:

Q. And was it your understanding that Mr. Rossini was doing work for Builders Prime Windows installing windows for them?

A. To the best of my knowledge it was, yes.

Q. Okay. Had he told you that through Builders Prime Windows that he was getting work and the instructions on where to go and where to install these windows and doors; is that correct?

A. I don't understand.

Q. Well, what I'm asking you is was it Builders Prime Windows that was sending Mr. Rossini to these jobsites, if you know?

A. I honestly don't know well enough to give you an honest answer. I know that Mr. Rossini had told me that Builders Prime is a company that we would get the windows from.

Q. Okay. And would it be fair to say that for the most part, the jobs that you went on installing new windows that Builders Prime was supplying material, the windows?

A. To the best of my knowledge, I think so. I can't really tell you. That's not anything that we really discussed....

Q. And this new construction development that you went to on the day of the fall, do you know the name of the contractor or the developer that was building those houses?

A. I believe it was THP.

Q. THP?

A. Yes sir.

Q. And do you know whether THP or Builders Prime asked Mr. Rossini to be there that day? You wouldn't know that?

A. I don't remember. I don't know.

(R.R. at 90a–91a.)

UEGF argues that neither its purported knowledge of Builders Prime's involvement at the job site nor its efforts to subpoena records from Builders Prime shortly after the hearing is "evidence" submitted at a hearing. UEGF further asserts that Claimant's "answers to the questions posed [do] not constitute substantial evidence upon which the WCJ could base any finding of fact regarding Builders Prime's role as a 'statutory employer'...." (UEGF's brief at 18.)

■ Initially, we reject UEGF's attempt to apply a "substantial evidence" standard in construing § 131.36; the regulation states that the twenty-day time period begins when evidence is presented *regarding* the reason for which joinder is sought, not evidence *establishing* a reason for requesting joinder. We conclude that the information elicited from Claimant at the February 9, 2010 hearing was sufficient to alert UEGF to the existence of other parties who likely were, or at least may have been, in a contractual relationship with Claimant's uninsured employer. Contrary to UEGF's assertions, Claimant's testimony provided notice to UEGF that the claim involved a vertical chain of contractual relationships and specifically, that Builders

---

12. At that point it appeared that attorney Vincent Cirillo was representing Rossini. Attorney Cirillo later advised that he was representing Rossini in a divorce proceeding and had not yet entered his appearance on Rossini's behalf in this matter.

Prime had a business relationship with Rossini. UEGF presented no medical defense in this case and acknowledged that the only issues it was concerned with throughout the proceedings were whether Claimant was employed by Rossini and whether he was injured in the course of his employment. (R.R. at 201a–02a.) Claimant offered testimony relevant to both of those issues on February 9, 2010.

Accordingly, we conclude that the WCJ neither erred nor abused his discretion in determining that the information obtained at the February 9, 2010 hearing constituted "evidence ... regarding the reason for which joinder is sought" as contemplated by § 131.36. Because UEGF did not file a petition for joinder within twenty days of the February 9, 2010 hearing, or seek an extension of time in which to do so, the WCJ neither erred not abused his discretion in denying UEGF's untimely petition to join Builders Prime.

■ As to its petition to join THP, UEGF argues that the WCJ erred in dismissing this petition *sua sponte* because "[g]enerally, one would expect Builders Prime to file a Petition for Joinder against [THP], the developer of the housing project at which [Claimant] was injured, and thus, the next contractor up the vertical chain." (UEGF brief at 26.) UEGF notes that after Builders Prime announced at the August 24, 2010 hearing that it would not be joining THP as a party, UEGF acted promptly and filed a petition to join THP only six days later. However, as the WCJ observed, Rossini testified at the May 20, 2010 hearing that THP owned the job site where Claimant's injury occurred, and the May 20, 2010 hearing was the last hearing at which *any* evidence was presented in this litigation. (R.R. at 135a.) We find UEGF's contention that it reasonably expected Builders Prime to join THP unavailing, particularly where more than

ninety days passed between the May 20 hearing and the September 3 filing of the joinder petition. Thus, we conclude that the WCJ properly dismissed the joinder petition filed by UEGF on September 3, 2010, as untimely.

UEGF emphasizes that it is not an insurer. However, although the Act states that UEGF is not an insurer and exempts the fund from being subject to penalties, unreasonable contest fees, and certain reporting requirements, it expressly provides that the "fund *shall have all of the same rights, duties, responsibilities and obligations as an insurer.*" 77 P.S. § 2702(e) (emphasis added). Moreover, although not an insurer, UEGF was a party to these proceedings, 34 Pa.Code § 131.5, not a bystander. And while UEGF urges this Court to be mindful that "it is not the entity in control of the [relevant] evidence" in this case, (UEGF brief at 27), at issue is UEGF's obligation to seek such evidence, not produce it.

UEGF also refers to its funding sources, namely yearly assessments on insured employers and money transferred from the Workers' Compensation Administration Fund, and stresses its "unique role and obligations"; however, we must conclude that it is the obligation of UEGF, not this Court, to conserve UEGF's resources. We reject the suggestion that where UEGF fails to pursue its rights in a timely manner, the property remedy is for this Court to disregard the policies underlying joinder practice and the twenty-day limit set forth in § 131.36(d).

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of April, 2014, the order of the Workers' Compensation

Appeal Board, dated August 12, 2013, is affirmed.