# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amazon.com Services LLC,      :
         Petitioner      :
         :
         v.      :    No. 310 C.D. 2023
         :    Submitted: June 6, 2024
Melissa A. Snyder and People      :
2.0 Global, Inc. (Workers'      :
Compensation Appeal Board),      :
         Respondents      :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE DUMAS                         FILED: July 2, 2024

        Amazon.com Services LLC (Employer) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). Specifically, Employer challenges the WCJ granting Melissa A. Snyder's (Claimant) claim petition and denying Employer's joinder petition seeking to join Claimant's former employer People 2.0 Global, Inc. (People). Upon review, we affirm.

## I. BACKGROUND[1]

        Claimant worked for Employer as a fulfillment center picker. On November 19, 2020, while lifting a tote in the course of her job duties, she

---

[1] Unless stated otherwise, we adopt the factual background for this case from the WCJ's decision, which is supported by substantial evidence of record. *See* WCJ's Dec., 8/15/22.

experienced a sharp pain in her right shoulder. She immediately reported this to her supervisor and went to an AmCare facility.[2] The next day, she went to an urgent care facility and, a few days later, an orthopedic surgeon. During this, an x-ray was taken, her arm was placed in a sling, and she received pain medication and was given restrictions. Claimant returned to work with restrictions for one day, December 27, 2020, but she did not return because she did not want to violate the handbook for taking medications while in the building. Claimant has not worked since then. A short time later, on January 15, 2021, Claimant underwent right shoulder surgery, performed by Gregor Hawk, M.D., a board-certified orthopedic surgeon. Post-surgery, Dr. Hawk confirmed Claimant's injury as a strain, partial bursal-sided rotator cuff tear with impingement and bursitis. Claimant later underwent a second shoulder surgery, performed by Gabriel Lewullis, M.D., a board-certified orthopedic surgeon, on October 5, 2021.

On January 19, 2021, Claimant filed a claim petition alleging that she sustained a work-related injury on November 19, 2020, in the nature of a right rotator cuff tear and right shoulder strain/sprain. The next day, Employer issued a Notice of Temporary Compensation Payable (NTCP), acknowledging that Claimant sustained a work injury on November 19, 2020, in the nature of "multiple body parts strain or tear." On February 12, 2021, Employer issued an amended NTCP that did not change the description of the injury but indicated that Claimant's injury was medical only. A few days later, Employer issued a Notice Stopping Temporary Compensation and a Notice of Workers' Compensation Denial, asserting that Claimant did not sustain a work-related injury but rather aggravated a preexisting condition.

---

[2] AmCare is Employer's on-site medical clinic.

The case proceeded with hearings before the WCJ. During the proceedings before the WCJ, Employer filed a joinder petition seeking to join People as an additional defendant. Employer claimed that Claimant's current injury was causally related to a work-related injury to her right arm and shoulder that she sustained on April 14, 2019, while employed by People.[3, 4]

Claimant testified on her own behalf and presented expert testimony from Dr. Hawk and Dr. Lewullis. Employer presented the testimony of Gregory Menio, M.D., a board-certified orthopedic surgeon, who evaluated Claimant in May 2021, and Donald Diverio, M.D., a board-certified orthopedic surgeon, who evaluated Claimant in June 2019.

The WCJ generally credited Claimant's testimony. Additionally, the WCJ credited Dr. Hawk's and Dr. Lewullis's testimony to the extent that it conflicted with Dr. Menio.[5] In resolving the conflicting medical testimony, the WCJ gave weight to the fact that Claimant was not under any work restrictions when she started her job with Employer, and although both injuries involved Claimant's right shoulder/extremity, the two injuries differed in nature. The April 2019 injury was radicular in nature, such as nerve root irritation, while the November 2020 injury

---

[3] People is a staffing company. Although she was employed by People at this time, she was working at Freshpet. Claimant's job at Freshpet entailed making dog food which required repetitive lifting and mixing ingredients. Prior to her job with Employer, Claimant became directly employed by Freshpet.

[4] The April 2019 incident involved three 50-pound boxes falling on Claimant's right forearm and causing pain to her right shoulder, trapezius, and scapular. The NTCP identified the injury as a right arm contusion.

[5] The WCJ also found Dr. Diverio credible but recognized that he was only testifying about his June 2019 treatment note and not offering an opinion on causation. *See* WCJ's Dec., 8/15/22, Findings of Fact (FOF) ¶ 45.

3

consisted of shoulder impingement and damage to the rotator cuff. Therefore, the WCJ granted Claimant's claim petition and denied Employer's joinder petition.[6]

Employer appealed to the Board. The Board affirmed finding that the WCJ acted within his discretion in resolving conflicting evidence and did not commit any legal errors. *See* Bd.'s Dec., 3/8/23, at 13-15. Employer appealed to this Court. During the pendency of the appeal, Employer filed an Application for Supersedeas seeking a stay of Claimant's workers' compensation benefits. Employer's application was denied.

## II. ISSUES

Employer raises four pertinent issues for our review. Generally, Employer asserts that the WCJ erred in granting the claim petition because the WCJ capriciously disregarded substantial competent evidence; the WCJ relied on legally incompetent medical testimony regarding causation; and the WCJ erroneously shifted the burden of proof to Employer. Employer also asserts that the WCJ erred in denying its joinder petition. Claimant and People (collectively, Respondents)[7] generally respond that the WCJ's decision was supported by substantial evidence and was free from legal error.

---

[6] The WCJ also denied Claimant's penalty petition and found that Employer made a reasonable contest. These dispositions are not at issue in this appeal.

[7] When referring to the legal positions of the parties we collectively refer to Claimant and People as Respondents. Each filed separate briefs. Although People writes to defend the WCJ's denial of the joinder petition, *see* People's Br. at 3, its arguments equally support the WCJ's granting of the claim petition. *See id.* at 8-19. Claimant generally asserts that any issue raised by Employer invades the WCJ's province as factfinder. *See* Claimant's Br. at 8-10. People's arguments are consistent with Claimant's position but also more specifically address each of Employer's arguments. *See generally* People's Br.

### III. DISCUSSION[8]

### A. The WCJ's Decision was Supported by Substantial Evidence

Initially, we address several challenges by Employer to the WCJ's findings. According to Employer, these findings are not supported by substantial evidence, and the WCJ capriciously disregarded substantial competent evidence. *See* Pet'r's Br. at 13-18. Specifically, Employer asserts that the WCJ did not consider conflicting evidence regarding the mechanism and nature of Claimant's injury. *Id.* Also, Employer asserts that the WCJ did not account for evidence that Claimant was not released from care for her April 2019 shoulder injury. *Id.* Lastly, Employer asserts that Claimant's testimony regarding her work history could not be credited because Claimant was found not credible regarding her April 2019 injury. *See id.* Respondents counter that each finding by the WCJ was supported by substantial evidence and that the WCJ properly resolved evidentiary conflicts. *See* People's Br. at 10-17; Claimant's Br. at 8-10.

"Capricious disregard occurs only when the fact[]finder deliberately ignores relevant, competent evidence." *McCool v. Workers' Comp. Appeal Bd. (Sunoco, Inc.)*, 78 A.3d 1250, 1256 (Pa. Cmwlth. 2013). Importantly, "where substantial evidence of record supports a [WCJ's] findings, and the findings in turn support the [WCJ's] conclusions, it should remain a rare instance where a reviewing court disturbs an adjudication based on a capricious disregard of the evidence standard." *Metal Green Inc. v. City of Phila.*, 266 A.3d 495, 515 (Pa. 2021) (citing

---

[8] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Hollis v. C&R Laundry Servs. LLC (Workers' Comp. Appeal Bd.)*, 299 A.3d 1086, 1091 (Pa. Cmwlth. 2023).

*Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478, 487 n.14 (Pa. 2002)).

Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Williams v. City of Phila. (Workers' Comp. Appeal Bd.)*, 312 A.3d 976, 985 (Pa. Cmwlth. 2024). In performing a substantial evidence analysis, the evidence must be viewed in a light most favorable to the party that prevailed before the WCJ. *W. Penn Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021). Also, "it is immaterial that there is evidence in the record supporting a factual finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding." *Id.*

The WCJ as factfinder has sole discretion to assess credibility and to resolve conflicts in the evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1254 (Pa. Cmwlth. 2019). Accordingly, a WCJ is free to accept or reject the testimony of any witness, in whole or in part, including medical witnesses. *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). As such, accepting the medical opinion of one expert witness over that of another is not the basis for reversible error. *Se. Pa. Transp. Auth. v. Workers' Comp. Appeal Bd. (Herder)*, 765 A.2d 414, 417 (Pa. Cmwlth. 2000).

Here, the WCJ's findings are supported by substantial evidence. Claimant testified that, on November 19, 2020, while performing her work duties of picking up items for orders, she felt a pinch in her shoulder. Hr'g Tr., 3/31/21, at 11-12. She tried but was unable to continue working and reported the situation to

her supervisor. *Id.* at 12. The WCJ credited this testimony. WCJ's Dec., FOF ¶ 44a. Therefore, substantial evidence supports the WCJ's finding that Claimant suffered a right shoulder injury on November 19, 2020, while performing her work duties.

Next, the WCJ did not capriciously disregard substantial competent evidence regarding the nature of Claimant's injury. The parties offered conflicting expert testimony in this regard. In support of Claimant, Dr. Hawk opined that she suffered an acute injury to her right shoulder consisting of damage to her rotator cuff, swelling, impingement, and bursitis. *See* Hr'g Tr., 6/3/21, at 18-20, 25. Similarly, Dr. Lewullis described Claimant's injury as shoulder impingement from a traumatic event. Hr'g Tr., 2/18/22, at 33-35. On the other hand, Dr. Menio testified on behalf of Employer that Claimant's injuries were degenerative in nature, not traumatic. Hr'g Tr., 9/15/21, at 18. The WCJ did not credit Employer's expert testimony. WCJ's Dec., FOF ¶¶ 46-47. The WCJ properly acted within his discretion by resolving this conflict between the medical testimony. The WCJ's finding on this matter was supported by substantial evidence and is not a basis for reversal. *See Herder*, 765 A.2d at 417.

Employer also asserts that the WCJ capriciously disregarded substantial competent evidence that Claimant was not released from medical care for her April 2019 injury. Employer points to evidence that Claimant's primary care physician (PCP), who referred her to Dr. Diverio, placed Claimant on a 10-pound restriction, and that Dr. Diverio did not complete his examination of Claimant because Claimant did not follow up after their initial appointment. *See* Pet'r's Br. at 16-17. Thus, according to Employer, Claimant was not able to meet her burden of establishing that she suffered a new injury in November 2020. *See id.* at 17.

7

However, the WCJ credited Claimant's testimony regarding her treatment and work restrictions. *See* WCJ's Dec., FOF ¶ 44a-b. Claimant worked with no restrictions from July 1, 2019, to November 19, 2020, and received no medical treatment for her right shoulder during this time. *See id.* The WCJ acknowledged that Claimant had complaints for her right shoulder and received medical attention from April-June 2019, but found it significant that Claimant did not receive any medical attention or have any work restrictions after this point. *Id.* ¶ 46. The fact that Dr. Diverio intended on seeing Claimant for another examination and that Claimant's PCP initially gave her a weight restriction does not necessarily establish that Claimant required such medical attention. Therefore, the WCJ did not capriciously disregard this evidence. *See McCool*, 78 A.3d at 1256.

Lastly, the WCJ acted within his discretion in finding Claimant credible in part. The WCJ did not accept Claimant's testimony that she received no prior treatment for her right shoulder or that her April 2019 injury happened to her left arm. *Id.* ¶ 46. However, the WCJ found Claimant credible regarding her employment history and the events surrounding the November 2020 injury. *Id.* ¶ 46a-c. The WCJ was permitted to accept some of Claimant's testimony while rejecting other parts and did not capriciously disregard substantial competent evidence by doing so. *See Griffiths*, 760 A.2d at 76.

As explained above, the WCJ's findings are supported by substantial evidence of record. The WCJ did not capriciously ignore relevant competent evidence in rendering his decision. Rather, the WCJ assessed the conflicting medical testimony and found Claimant's medical witnesses to be more credible regarding causation. Additionally, Employer offers no compelling reason for why this case is one of the "rare instance[s]" in which a WCJ's decision supported by substantial

8

evidence should be found to constitute a capricious disregard of evidence. *See Metal Green*, 266 A.3d at 515. For these reasons, Employer's claim is without merit.

### B. Claimant's Medical Experts Testified Competently

Employer asserts that the WCJ erred in crediting Claimant's medical witnesses on causation because they lacked information regarding Claimant's medical history prior to November 19, 2020, and thus their testimony was legally incompetent. Pet'r's Br. at 18-22. Respondents counter that this testimony was not incompetent because these experts did not rely solely on any purported inaccuracies in Claimant's medical history. *See* People's Br. at 17-18.

The competency of evidence is a question of law fully subject to our review. *Namani v. Workers' Comp. Appeal Bd. (A. Duie Pyle)*, 32 A.3d 850, 854 (Pa. Cmwlth. 2011). "A medical expert's opinion is not rendered incompetent unless it is *solely* based on inaccurate or false information." *Casne v. Workers' Comp. Appeal Bd. (STAT Couriers, Inc.)*, 962 A.2d 14, 16 (Pa. Cmwlth. 2008) (emphasis added). "The opinion of a medical expert must be viewed as a whole, and even inaccurate information will not render the opinion incompetent unless it is depend[e]nt on those inaccuracies." *Id.* Additionally, "the fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency." *Marriott Corp. v. Workers' Comp. Appeal Bd. (Knechtel)*, 837 A.2d 623, 631 n.10 (Pa. Cmwlth. 2003); *see also Cmty. Empowerment Ass'n v. Workers' Comp. Appeal Bd. (Porch)*, 962 A.2d 1, 8 n.7 (Pa. Cmwlth. 2008) (rejecting an employer's argument that a medical opinion was not competent where the medical witness was unaware of the claimant's prior hospitalization because the medical opinion was not based on false information, and

9

the lack of knowledge of the claimant's complete medical history went to the weight).

Here, Employer's argument that Claimant's medical experts rendered incompetent opinions is without merit. First, as a factual matter, Dr. Lewullis was aware of Claimant's April 2019 injury. Dr. Lewullis reviewed Dr. Diverio's 2019 office note. Hr'g Tr., 2/18/22, at 34-35. Based on this review, Dr. Lewullis opined that Claimant experienced "radicular type pain from the cervical spine[]" and little to no shoulder impingement, whereas his examination and surgery indicated shoulder impingement from a traumatic event. *See id.* at 33-35. As such, Dr. Lewullis's opinion was not predicated on his ignorance about Claimant's April 2019 injury.

Also, although Dr. Hawk was unaware of Claimant's April 2019 injury, his opinion was not dependent on this lack of knowledge. Rather, Dr. Hawk's opinion that Claimant's November 2020 work incident caused an acute injury to her right shoulder consisting of damage to her rotator cuff, swelling, impingement, and bursitis was based on his physical examination and review of Claimant's magnetic resonance image scan. *See* Hr'g Tr., 6/3/21, at 18-20, 25. Accordingly, the medical opinions of Dr. Lewullis and Dr. Hawk were not based solely on inaccurate or false information, and the WCJ was free to give weight to their testimony. *See Casne*, 962 A.2d at 16; *Marriot Corp.*, 837 A.2d at 631 n.10. Therefore, Employer's argument that Claimant's medical experts rendered incompetent opinions is without merit.

### C. The Burden Did Not Erroneously Shift to Employer

Employer asserts that the WCJ improperly required Employer to show that Claimant had work restrictions related to her April 2019 injury. *See* Pet'r's Br.

at 22. Specifically, Employer argues that there was evidence that Claimant had work restrictions and anticipated continued treatment for her April 2019 injury. *See id.* at 22-24. According to Employer, the only countervailing evidence came from Claimant whom the WCJ did not find credible regarding her treatment history. *See id.* Respondents assert that the WCJ did not shift the burden but rather simply credited Claimant's testimony that she did not have any work restrictions when she began working for Employer. People's Br. at 15-17.

"[T]he claimant bears the burden of establishing all of the elements necessary to support an award of [workers' compensation] benefits, including the existence of an injury and disability, and a causal relationship between the injury and the claimant's work." *Kurpiewski v. Workers' Comp. Appeal Bd. (Caretti, Inc.)*, 202 A.3d 870, 880 (Pa. Cmwlth. 2019). This entails both the burden of production and the burden of persuasion. *Steglik v. Workers' Comp. Appeal Bd. (Delta Gulf Corp.)*, 755 A.2d 69, 74 (Pa. Cmwlth. 2000) (*en banc*).

Here, we discern no erroneous burden shifting. Although the WCJ did not find Claimant credible that the April 2019 injury happened to her left shoulder, the WCJ did credit Claimant's testimony regarding her work history. WCJ's Dec., FOF ¶ 44. The WCJ credited Claimant's testimony that when she stopped working at Freshpet and began working for Employer she did not have any work restrictions. *Id.* ¶ 44a-b. The WCJ reasonably inferred that her ability to work without restrictions during that period is indicative that she was not limited by her April 2019 injury. Therefore, the WCJ did not erroneously shift the burden to Employer.

**D. The Denial of the Joinder Petition was not an Abuse of Discretion**

Lastly, Employer asserts that the WCJ erred in denying the joinder petition. According to Employer, testimony from Dr. Diverio established that

Claimant did not fully recover from her April 2019 injury. Pet'r's Br. at 25-26. People counters that the WCJ did not err because the WCJ properly weighed the evidence and his finding that Claimant's shoulder condition was caused by the November 2020 work injury was supported by substantial evidence. *See* People's Br. at 18-19.

Joinder of additional defendants is permitted as of right, provided a petition for joinder is timely filed and supported by specific facts and a legal basis. *See* 34 Pa. Code § 131.36. However, the WCJ has broad discretion to grant or deny a joinder petition. *Pennsylvania Uninsured Emps. Guar. Fund v. Workers' Comp. Appeal Bd. (Dudkiewicz)*, 89 A.3d 330, 335 (Pa. Cmwlth. 2014).

As we have discussed, the decision granting the claim petition was supported by substantial evidence, and competent medical testimony, and was not the result of improper burden shifting. The analysis applies to the WCJ's denial of the joinder petition – Claimant's injury occurred during the course and scope of her employment with Employer, not while employed by People. Apart from repeating arguments directed against the WCJ's factual findings, Employer offers no further explanation as to why the WCJ abused his discretion in denying the joinder petition. *See* Pet'r's Br. at 25-26. Employer's argument is not persuasive, and we discern no abuse of the WCJ's discretion. *See Dudkiewicz*, 89 A.3d at 335.[9]

## IV. CONCLUSION

The WCJ did not err in granting Claimant's claim petition and denying Employer's joinder petition. The WCJ's findings were supported by substantial

---

[9] Employer sought joinder, asserting that "[People] is liable for Claimant's right shoulder condition and need for surgery based on the 4/14/2019 work injury." *See* Joinder Pet., 8/6/21. We note that an employer need not join a previous employer to assert a defense that a claimant's injury occurred during her previous employment. *See Pope & Talbot v. Workers' Comp. Appeal Bd. (Pawlowski)*, 949 A.2d 361, 368-69 (Pa. Cmwlth. 2008).

12

evidence and were not the result of capriciously disregarding substantial evidence. *See W. Penn Allegheny Health Sys.*, 251 A.3d at 475; *Metal Green*, 266 A.3d at 515; *McCool*, 78 A.3d at 1256. Claimant's expert medical testimony was legally competent, and thus, the WCJ acted within his discretion in weighing the testimony. *See Cmty. Empowerment Ass'n*, 962 A.2d at 8 n.7. Also, the WCJ did not erroneously shift the burden to Employer. For these same reasons, the WCJ did not abuse his discretion in denying Employer's joinder petition. *See Dudkiewicz*, 89 A.3d at 335. Accordingly, we affirm the Board's order.

_____
**LORI A. DUMAS, Judge**

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amazon.com Services LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 310 C.D. 2023 |
| | : | |
| Melissa A. Snyder and People | : | |
| 2.0 Global, Inc. (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 2nd day of July, 2024, the order of the Workers' Compensation Appeal Board, entered March 8, 2023 is AFFIRMED.

_____
**LORI A. DUMAS, Judge**