# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vidal Almendarez Diaz, : 
                  Petitioner : 
       : 
      v. : No. 932 C.D. 2023
       : SUBMITTED: October 8, 2024
Uninsured Employers Guaranty : 
Fund and Bravo Remodeling : 
(Workers' Compensation : 
Appeal Board), : 
             Respondents : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: August 8, 2025**

Claimant, Vidal Almendarez Diaz, petitions for review from an order of the Workers' Compensation Appeal Board, which affirmed the decision of a workers' compensation judge (WCJ) granting the Uninsured Employers Guaranty Fund's[1] motion to dismiss for failure to comply with the statutory notice requirement. After review, we reverse and remand for disposition on the merits.

Claimant began working as a laborer for Bravo Remodeling, Employer, in February 2019. On July 28, 2019, Claimant suffered a lower back injury while

---

[1] The Fund was created in 2006 "for the exclusive purpose of paying workers' compensation benefits due to claimants and their dependents where the employer liable for the payments was not insured [or self-insured] at the time of the work injury." *Pa. Uninsured Emps. Guaranty Fund v. Workers' Comp. Appeal Bd. (Dudkiewicz)*, 89 A.3d 330, 332 n.1 (Pa. Cmwlth. 2014).

carrying a beam at one of Employer's work sites. Claimant notified Employer of his work injury that same day. On January 9, 2020, Claimant filed a notice of claim with the Fund pursuant to Section 1603 of the Workers' Compensation Act (Act).[2] Thereafter, in February 2020, Claimant filed a claim petition against the Fund[3] describing his work injury as "[l]umbar radiculopathy, left lumbar radiculitis, herniated nucleus pulposus[.]" Certified Record (C.R.) at 9.[4] The Fund filed an answer denying all material allegations in the claim petition, including that Claimant timely notified the Fund of his claim.

Between May and October 2020, Claimant testified, through an interpreter, at multiple virtual hearings before the WCJ. At a hearing in September 2022, the Fund made an oral motion to dismiss Claimant's petition, asserting that he did not provide timely notice to the Fund pursuant to Section 1603(b) of the Act, 77 P.S. § 2703(b). Both the Fund and Claimant submitted position statements regarding the motion to dismiss. For his part, Claimant pointed to email correspondence from the Bureau of Workers' Compensation, Information Services (Bureau) dated December 13, 2019, informing Claimant's counsel that Employer may not have workers' compensation insurance. C.R., Item No. 28, Claimant's Ex. C-7.

The WCJ circulated a decision and order on December 2, 2022, granting the Fund's motion and dismissing Claimant's petition due to untimely notice. The WCJ determined that under *any of three* scenarios, as taken from

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2703.

[3] Pursuant to Section 1603(d) of the Act, a claim petition against the Fund must be filed "at least 21 days after notice of the claim is made to the [F]und," but not later than 180 days after notice is given. 77 P.S. § 2703(d).

[4] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced herein reflect electronic pagination.

Claimant's own testimony, he failed to provide timely notice to the Fund. Claimant appealed to the Board, which affirmed the WCJ's decision. This appeal followed.

Claimant argues that the WCJ erred by using "a 'constructive notice' standard instead of an 'actual knowledge' standard" in determining when he knew that Employer was uninsured. Claimant's Br. at 4. Further, Claimant maintains there is not substantial evidence in the record to support the WCJ's finding that he failed to provide timely notice of his claim to the Fund.[5] We consider these arguments together since they are interrelated.

It is axiomatic that the WCJ, as fact finder, "has 'exclusive authority over questions of credibility and evidentiary weight[,]'" and the WCJ's findings will not be disturbed on appeal if they are supported by substantial, competent evidence. *Borough of Hollidaysburg v. Detweiler (Workers' Comp. Appeal Bd.)*, 328 A.3d 569, 580 (Pa. Cmwlth. 2025) [quoting *A&J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)*, 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013)]. "Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Pa. Uninsured Emps. Guaranty Fund v. Workers' Comp. Appeal Bd. (Lyle)*, 91 A.3d 297, (Pa. Cmwlth. 2014). *See also A&J Builders, Inc.*, 78 A.3d at 1238. It is not the function of this Court to reweigh the evidence or to substitute its judgment for that of the WCJ. *Cnty. of Allegheny v. Marzano (Workers' Comp. Appeal Bd.)*, 329 A.3d 715, 727 (Pa. Cmwlth. 2024); *Lyle*, 91 A.3d at 303. Our inquiry is limited to "whether there is evidence to support the findings actually made;" whether evidence exists to support alternate findings is irrelevant. *A&J Builders, Inc.*, 78 A.3d at 1238.

---

[5] In the alternative, Claimant argues that if the WCJ did not err in granting the Fund's motion to dismiss, it nonetheless erred in also dismissing the matter as to Employer. We need not reach this issue given our disposition.

3

Section 1603(b) of the Act provides, in pertinent part, that "[a]n injured worker shall notify the [F]und within 45 days after the worker has been advised by the employer or another source that the employer was uninsured." 77 P.S. § 2703(b). Section 1603(b)(1) goes on to state: "No employee shall receive compensation from the [F]und unless[] . . . the employee notifies the [F]und within the time period specified in this subsection[.]" 77 P.S. §2703(b)(1). Thus, Section 1603(b) acts as a complete bar to compensation if the Fund has not received timely notice. The question of the timeliness of notice is generally one of fact. *See Lyle*, 91 A.3d at 304; *A&J Builders, Inc.*, 78 A.3d at 1239.

Here, we agree with Claimant that the WCJ's finding that he failed to provide timely notice of his claim to the Fund is not supported by substantial evidence. The majority of the WCJ's decision consists of a narrative recounting the witnesses' testimony and lengthy direct quotes from the parties' position statements on the timeliness issue. The decision contains only one finding of fact, wherein the WCJ agrees with the Fund that under any of three scenarios—all of which are based on Claimant's testimony—Claimant failed to provide notice to the Fund within 45 days as required by Section 1603(b) of the Act. First, if we use November 6, 2019 as the operative date, which is when Claimant executed a fee agreement with Counsel, notice to the Fund was not timely because it was provided 65 days later. Second, using the date October 8, 2019, which is purportedly when Counsel began acting on Claimant's behalf, notice was provided 94 days later and therefore was not timely. Finally, if we use the date when Counsel sought confirmation from the Bureau as to the status of Employer's workers' compensation insurance, notice to

the Fund was not timely because it was provided 49 days later.[6]  However, none of the occurrences which correspond with these three dates, in and of themselves, establish that Claimant was advised that Employer was uninsured.

The mere fact that Claimant retained Counsel, or that Counsel began working on his behalf and requested information from the Bureau, does not mean that Claimant was advised as to the status of Employer's workers' compensation insurance.  We agree with Claimant that the WCJ appears to have used a constructive knowledge standard, meaning that the WCJ inferred that Claimant *should have known* Employer was uninsured at one of these three points.  That is not the standard.  Rather, the language of Section 1603(b) of the Act provides that the time period for giving notice to the Fund is measured from when a claimant "has been advised" that the employer is uninsured.  Here, Claimant did not testify that his attorney advised him of Employer's status either when Claimant executed the fee agreement or when Counsel began working on his behalf.  The only evidence of record that clearly establishes when Claimant was advised that Employer was uninsured is the December 13, 2019 email Claimant's Counsel received from the Bureau.  Because Claimant filed a notice of claim with the Fund 28 days later, on January 9, 2020, he provided timely notice pursuant to Section 1603(b) of the Act.

In support of its argument that Claimant did not provide timely notice, the Fund points to a brief snippet of Claimant's testimony stating that when he called a medical provider to make an appointment, that provider's secretary stated that

---

[6] The WCJ does not give an exact date in his decision as to this final scenario, when Claimant's Counsel sought confirmation from the Bureau.  *See* C.R. at 36.  Presumably, the WCJ refers to Counsel's initial letter to the Bureau which is dated November 25, 2019.  *See* C.R., Item No. 28, Claimant's Ex. C-7 at 2.  However, this date would yield a calculation of 46 days rather than 49.  Counsel did not receive a response from the Bureau to his initial letter, and sent a follow-up request via e-mail on December 13, 2019.  *Id.* at 3.

5

Employer did not have insurance. Fund's Br. at 8, 13-14. However, this testimony is, at best, vague and is contradicted by Claimant's later statements. Moreover, the WCJ did not make any findings of fact with respect to this portion of Claimant's testimony, nor did he cite this as one of the three scenarios when explaining the reasoning for his decision.

In conclusion, the finding that Claimant did not provide timely notice of his claim to the Fund is not supported by substantial evidence and therefore the Board erred in affirming the WCJ's decision granting Employer's motion to dismiss. Accordingly, we reverse and remand for disposition on the merits.


**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Vidal Almendarez Diaz, : 
                Petitioner : 
                 : 
      v. :   No. 932 C.D. 2023
                 : 
Uninsured Employers Guaranty : 
Fund and Bravo Remodeling : 
(Workers' Compensation : 
Appeal Board), : 
            Respondents : 

## O R D E R

AND NOW, this 8th day of August, 2025, the Order of the Workers' Compensation Appeal Board is REVERSED, and this matter is REMANDED for disposition on the merits.

Jurisdiction relinquished.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita